BRONAUGH (FUGATE v.). See Case No. 5,146.

## Case No. 1,923.

### BRONAUGH v. MASON.

[1 Hayw. & H. 39.][1]

Circuit Court, District of Columbia. May 1, 1841.

#### TRUSTS—REVOCATION.

A deed made by a bankrupt to the trustee, in pursuance of the requirements of the insolvent law, is a revocation of a prior trust.

[In equity. Bill by Jeremiah Bronaugh against John Mason for an accounting and payment over of moneys held in trust for creditors. Decree for complainant.]

John Marbury, for complainant.
Wm. Redin, for defendant.

In this bill the complainant [Jeremiah W. Bronaugh] alleges that John W. Bronaugh, deceased, mortgaged certain property in Virginia to secure a debt due by the said mortgagor to the Bank of Columbia, upon three-fourths of said land; that the remaining fourth to be applied to the payment and satisfaction of the creditors of the said John W. Bronaugh. That he granted and conveyed to [the defendant] John Mason, in trust to convey to the purchaser, the said land, the one-fourth of the purchase money, to be divided among the creditors of the said grantor in proportion to the amount of their respective debts. That the said John W. Bronaugh was discharged under the insolvent laws, and the complainant was appointed trustee. That the trust to the said defendant in favor of the general creditors is indefinite and uncertain, because the creditors are not named nor made parties, nor was the trust accepted by them. That the deed of said insolvent to the trustee, made pursuant to the requirements of the insolvent law, was a revocation of the prior trust in

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

the deed to the defendant. That the complainant is entitled as trustee under the insolvent law to an account from said trustee of the proceeds of one-fourth of the sale of the property to be applied for the benefit of his general creditors named in the schedule. That he has applied to said trustee for the same, but he has refused to pay said one-fourth, although he has accounted for the same and is in possession of the said one-fourth.

The defendant admits in his answer the facts as stated in the bill, but denies that the trust to him was revoked by the insolvency of said John W. Bronaugh, or that the creditors, among whom the defendant is one, have no rights under it, or that it was necessary for them to give their consent to give it validity, and asks leave to pay into court the amount in his hands, the proceeds of the trust.

The cause having been heard on bill, answer and exhibits, it was decreed that the proceeds of the sale applicable to the payment of the debts due the general creditors of the said insolvent should be paid over to the complainant trustee appointed under the insolvent act, to be disposed of according to said act; and that the defendant may have his costs to which he may be put by the institution of this suit.